UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN BONNEAU, | ) | Case No. CV 14-2609 JLS(JC) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING ACTION |
| | ) | WITHOUT PREJUDICE |
| UNKNOWN WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**I.   SUMMARY**

On April 7, 2014, petitioner, a federal inmate proceeding *pro se* who is incarcerated at the United States Penitentiary, Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241. Petitioner is currently serving a sentence imposed in the District of Oregon. (Petition at 2). Petitioner claims that the Bureau of Prisons ("BOP") has discriminated against him based upon his gender and violated the Equal Protection Clause because, as a matter of policy, it does not permit male inmates to purchase and use hair dye but does permit female inmates to do so. (Petition at 3). He requests that the Court declare BOP's policy unconstitutional and order respondent to allow petitioner to order and use hair dye. (Petition at 5).
For the reasons discussed below, the Petition is dismissed without prejudice.

## II. DISCUSSION

### A. The Petition Is Dismissed Because the Court Is without Habeas Jurisdiction to Consider It

"According to a traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)).  Although habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release, habeas jurisdiction is absent where a successful challenge to a prison condition would not necessarily shorten a prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Here, petitioner does not challenge the legality or duration of his confinement so as to trigger habeas jurisdiction under 28 U.S.C. § 2241(c)(3). Rather, he complains about a condition of his confinement – the fact that he is assertedly being subjected to unlawful gender discrimination in the course of the service of his sentence. See, e.g., Johnson v. California, 543 U.S. 499, 529 (2005) (Stevens, J., dissenting) (characterizing inmate's claim of racial discrimination under Equal Protection Clause as one that should be treated as "a host of other claims challenging conditions of confinement") (emphasis added).

Since petitioner raises no constitutional or federal law-based claim going to the legality or duration of his confinement, and since granting him the relief he seeks would not shorten his sentence, habeas corpus is unavailable. Crawford, 599 F.2d at 891-92.  Accordingly, this Court is without habeas jurisdiction to consider petitioner's complaints in the Petition and dismissal of this action without prejudice on such basis is appropriate.

///
///
///

## B. It Is Not Appropriate to Convert the Petition into a Civil Rights Complaint

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading a civil rights claim, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a federal civil rights complaint), superseded by statute on other grounds, Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321-71, as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006), the Court declines to do so here. Prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying the full $350 filing fee from his prison trust account. 28 U.S.C. § 1915(b)(1). It is not in the interest of judicial economy to convert the Petition into a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district (*e.g.,* whether those sued are sued in an individual or official capacity), and the potential service issues relative to individuals whose conduct is alleged to have deprived petitioner of his constitutional rights. Accordingly, the Court declines to convert the instant action into a federal civil rights action without prejudice to petitioner filing a separate federal civil rights action.

///

///

**III. ORDER**

IT IS THEREFORE ORDERED that this action is dismissed without prejudice and that judgment be entered accordingly.

DATED: 4-24-14

                                JOSEPHINE L. STATON
                                _____
                                HONORABLE JOSEPHINE L. STATON
                                UNITED STATES DISTRICT JUDGE